UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TRUSTEES OF THE SOUTH FLORIDA ELECTRICAL
WORKERS PENSION PLAN, TRUSTEES OF THE MIAMI
JOINT ELECTRICAL APPRENTICE TRAINING
COMMITTEE, TRUSTEES OF THE SOUTH FLORIDA
LABOR MANAGEMENT COOPERATION COMMITTEE,

Plaintiffs,

vs.

SAFE-TECH, INC.,
A FLORIDA CORPORATION

Defendant.
_____/

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SOUTH FLORIDA ELECTRICAL WORKERS PENSION PLAN, TRUSTEES OF THE MIAMI JOINT ELECTRICAL APPRENTICE TRAINING COMMITTEE, TRUSTEES OF THE SOUTH FLORIDA LABOR MANAGEMENT COOPERATION COMMITTEE,(hereafter "Trustees" or "Funds") , sue Defendant, SAFE-TECH, INC., a Florida Corporation ("Defendant") as follows:

1. **NATURE OF ACTION, JURISDICTION, AND VENUE**

1. This action arises under the laws of the United States, which contain their own jurisdictional requirements: Sections 502 and 515, of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132 and 1145.

2. Pursuant to Section 502 (e)(2) of ERISA, 29 U.S.C. §1132 (e) (2) venue is proper in this Court because the Plaintiffs administer the Funds payments in the Southern District and payments were to be made by Defendant to Plaintiffs in Hialeah, Miami-Dade County, Florida in the Southern District.

**II. PARTIES**

3. Plaintiffs, Funds have been at all times material hereto, Trustees and fiduciaries within the meaning of Section 3(21) (A) of ERISA, 29 U.S.C. §1002(21)(A).

4. Plaintiffs bring this action for and on behalf of the above-named Trust Funds, which are "multi-employer plans" and "employee benefit plans," as defined by ERISA, Sections 3(3) and 3(37), 29 U.S.C. §§1002(3) and 1002(37).

5. Defendant, is a Florida Corporation, and maintains an office at 17102 Alico Center Road, Suite 2, Ft. Myers, Florida 33967.

6. Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C.§ 1002(5).

## III  CAUSE OF ACTION

7. Pursuant to collective bargaining agreements entered into by Defendant by virtue of a LETTER OF ASSENT-A, and attached as Exhibits A, B, C and D (the "Agreements"), Defendant was obligated to make fringe benefit contributions to the respective Plaintiff Funds, on behalf of individuals employed by Defendant.

8. Defendant employed persons covered by the Agreements, and thus became obligated to pay fringe benefit contributions and other payments to the Funds.

9. Defendant breached the Agreements by failing to make payment of all fringe benefit contributions and other payments due to the Funds for payroll periods from December 1, 2011 to date.

10. The Trustees have been required to employ the undersigned attorneys to collect the monies that are owed by Defendant, and are obligated to pay these attorneys a reasonable attorney's fee.

11. The Trustees have complied with all conditions precedent in bringing this suit.

**WHEREFORE,** the Trustees respectfully request that this Court enter a Judgment against Defendant, providing for:

a. An award of damages for all unpaid fringe benefit contributions and other payments due for payroll periods on and after December 1, 2011, together with all liquidated damages, interest, and reasonable attorney's fees, court costs and all other relief as provided in ERISA §502(g)(2), 29 U.S.C. §1132(g)(2); and

b.  Such other relief as is just and proper, including but not limited to an Order directing the production of all payroll and other necessary records by Defendant for an audit to determine the exact amounts owed by Defendant.

Respectfully submitted,

**ALAN EICHENBAUM**

Attorney for Plaintiffs

7890 Peters Road

Suite G-102

Plantation, Florida 33324

Tel. (954) 900-4919

Fax (954) 900-4919

alanlaw@bellsouth.net

aeichenbaum@bellsouth.net

By: Alan Eichenbaum

Fl Bar # 253316